IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARNELL WESLEY MOON,** ) | |
| **Inmate No. 34077-044,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 12-cv-982-DRH |
| ) | |
| **WENDY J. ROAL,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

    This case is before the Court on petitioner's writ of habeas corpus, filed on September 10, 2012. Petitioner, an inmate at USP-Marion, has brought this action pursuant to 28 U.S.C. §2241. He seeks declaratory and injunctive relief, to expunge a disciplinary incident report that he claims was brought against him in retaliation for his activities as a "jailhouse lawyer."

    The events giving rise to petitioner's claim all took place while he was confined at USP-Terre Haute in 2011. Petitioner applied and was accepted to the "Challenge Program," in which he would receive substance abuse and/or mental health treatment, leading to a certificate and financial award (Doc. 1, p. 10). He was then moved to the C2 unit to be housed with other "challenge program" participants. There, he learned that a prison rule allowed indigent prisoners to receive a radio and headphones, so he requested these items from his unit manager, along with his indigent supply of postage stamps. She denied his request for a radio, but told him she would arrange for him to get a job so he would earn pay and no longer be indigent. She also refused to give him his stamps directly, but instructed him to give her his letters when they were ready to be mailed, and she would stamp them. Petitioner filed a grievance over the denial of the radio and

stamps. He was then informed that he would be scheduled for a physical exam in order to get a food service job. His "callout" appointment for this exam was set for 7:30 a.m. on February 15, 2011.

On the morning of his appointment, petitioner went to breakfast and then to the laundry, before going to the medical department with another inmate who also had a 7:30 callout. By the time they arrived, it was well after the 7:30 appointment time, and the medical unit was locked (Doc. 1, pp. 11-12). An officer told them to return to their housing unit and come back after 9:00. Petitioner then learned that he and the other inmate had each received an incident report for being "absent from work or assignment" when they missed their appointments.

Petitioner went before the Unit Discipline Committee on February 17, 2011, where he explained that he missed the appointment because his unit was served breakfast very late, and he had to go to the laundry for a clothing exchange because it was about to close. He expressed his belief that he had been issued the ticket in retaliation for his requests to be given a radio and stamps, and for his activity as a "jailhouse lawyer" on behalf of other inmates. Petitioner was found guilty of the charge and had his visitation privileges suspended for 30 days (*See* Doc. 1, pp. 18-19). In contrast, the other inmate who missed the callout appointment was found not guilty.

Two days later, Petitioner was kicked out of the C2 "Challenge Program" unit and moved to the Blue/Gold Control Unit Program, which was on lockdown.

Petitioner argues that there is "no evidence" to support the guilty finding on the charge of an unexcused absence from his assignment (the 7:30 a.m. medical appointment). He seeks an order requiring his incident report to be expunged and declaring that it was issued in retaliation for exercising his First Amendment rights.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that this petition does not survive review under Rule 4, and must be dismissed.

First, petitioner did not lose any good conduct credit as a result of the disciplinary action, nor is there any indication that the duration or execution of his sentence was in any way affected by the guilty finding on this disciplinary charge. A petition for a writ of habeas corpus is properly used "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). In the instant case, however, petitioner has no conceivable claim for earlier release, even if he were to prevail in his quest for expungement of his incident report. Instead, petitioner's insistence that the disciplinary action was the result of improper retaliation is in essence a challenge to the conditions rather than the fact of his confinement. The proper remedy for such a claim is a civil rights action, not a habeas petition. *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Because petitioner has already accumulated three "strikes" within the meaning of 28 U.S.C. § 1915(g), he must pre-pay the entire $350 filing fee for any civil rights case he may file, unless he can show that he is under imminent danger of serious physical injury. No such danger is apparent from the instant claim.

Furthermore, even if petitioner's claim were cognizable in a habeas action, it would not

succeed. In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to a disciplinary segregation, or otherwise is subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id*. at 556-572; *see also Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983). The Supreme Court has held that due process requires that the findings of the disciplinary tribunal be supported by *some* evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). However, in reviewing the sufficiency of the evidence, the Seventh Circuit has instructed that lower courts are to apply a lenient standard when determining "whether there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board." *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (emphasis in original).

The loss of 30 days' visitation privileges does not amount to a deprivation of a constitutionally protected liberty interest. *See Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454 (1989) (prisoners do not have a fundamental constitutional right to visitation). Furthermore, the instant petition and exhibits demonstrate that petitioner received the process he was due before his privileges were revoked, and that the guilty finding was supported by some evidence. Petitioner admitted that he failed to arrive on time for his 7:30 appointment, and did not reach the medical unit until after 8:00. Based on the lenient standard set out by the Seventh Circuit, this evidence supports the disciplinary committee's conclusion of guilt.

**Filing Fee**

On November 1, 2012, petitioner's motion for leave to proceed *in forma pauperis* ("IFP") was denied, and he was ordered to pay the $5.00 filing fee for this action no later than **December**

**3, 2012** (Doc. 7).  Despite the dismissal of this action, petitioner remains obligated to pay the filing fee, which he incurred when the petition was filed.  *Lucien v. Jockisch,* 133 F.3d 464, 467-68 (7th Cir. 1998); *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997).  Should he fail to timely pay, he may be prohibited from filing any future action in this Court until his fees are paid.

## Disposition

To summarize, petitioner has not demonstrated any entitlement to habeas relief pursuant to § 2241.  However, his claim may be cognizable in a civil rights action filed in the proper venue.  Should he desire to bring such a claim, his $350 filing fee must be pre-paid in full.  Accordingly, the petition is summarily **DISMISSED** without prejudice to petitioner re-filing his claim in a civil rights complaint.

**IT IS SO ORDERED.**

**DATED: November 19, 2012**

Digitally signed by David R. Herndon
Date: 2012.11.19 10:22:47 -06'00'

**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**